UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

Swafiya Tyler

                                 Debtor(s).

SS#:  xxx-xx-1419

-----------------------------------------------------------X

Return Date: June 21, 2011 @ 9:30am

CHAPTER 13
CASE NO. 10-75165
JUDGE: Trust

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed affirmation of HOWARD D. WEISINGER, attorney for Debtors, SWAFIYA TYLER, and the exhibits annexed hereto, a motion will be made before the Honorable Alan S. Trust, Courtroom 960, at the United States Bankruptcy Court for the Eastern District of New York, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on **June 21, 2011 @ 9:30am**, or as soon thereafter as counsel can be heard for the entry of an order against American Home Mortgage Servicing Inc., as Servicer for Wells Fargo, National Association as Trustee for Securitized Asset Backed Receivables L.L.C. 2004 op2 Mortgage Pass-through Certificates, Series (hereinafter referred to as "American Home") finding a willful violation of 11 U.S.C. Section 362(a), enforcing the Stipulation of Settlement of Debtor's Objection to American Home's Proof of Claim "SO ORDERED" by the Court on February 3, 2011, holding creditor in contempt pursuant to 11 U.S.C. Section 105 and Bankruptcy Rule 9020 and imposing damages, including attorneys' fees and punitive damages pursuant to 11 U.S.C. Section 362(k).

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court, must be filed electronically in accordance with General Order #462 (which can be

found at the Court's official website *www.nyeb.uscourts.gov*) by registered user's of the Bankruptcy Court's electronic filing system, and by all other parties in interest on a 3.5 inch computer disk in Portable Document Format (PDF), with proof by affidavit, admission or otherwise that copies have been properly served so as to actually be received by the Court and counsel no later than seven (7) days before the hearing date. If no timely objections are received, the Court may grant the relief requested without further notice.

Dated: May 17, 2011
      Carle Place NY

                                        Howard D. Weisinger, Esq. hw1773
                                        Attorney for Debtor(s)
                                        393 Old Country Rd., Suite 300
                                        Carle Place NY 11514
                                        (516) 997-0700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

                                                      CHAPTER 13

Swafiya Tyler                                            CASE NO. 10-75165
                                                      JUDGE: Trust
                              Debtor(s).

SS#:   xxx-xx-1419                                      **AFFIRMATION**

-----------------------------------------------------------X

      Howard D. Weisinger, attorney for debtor(s), SWAFIYA TYLER, duly admitted to practice before the Courts of the State of New York, hereby affirms the following under penalty of perjury:

## BACKGROUND

1. Debtor filed her petition for relief pursuant to 11 USC Chapter 13 on July 2, 2010.

2. The debtor's confirmed plan proposes one-hundred (100%) percent distribution to duly allowed and timely filed claims.

3. On July 31, 2010, American Home filed proof of claim, numbered 2, reflecting pre-petition arrears in the amount of $67,764.64.

4. Debtor filed an objection to American Home's proof of claim due to a number of charges which could not be justified. Additionally, as was disclosed from the documents disclosed during the course of the objection, the claim included prospective escrow shortage amounts.

5. As a result of debtor's objection, American Home and debtor entered into a Stipulation of Settlement which was "So Ordered" by the Court on February 3, 2011 (hereinafter referred to as the "Stipulation") attached hereto as Exhibit "A".

6. The terms of the Stipulation required American Home to file an amended proof of claim, which was made part and parcel of the agreement between American Home and the debtor.

7. Due to American Home's unsubstantiated fees, costs, charges, and prospective escrow shortages, American Home agreed to reduce its claim to $57,000.00. On December 20, 2010, American Home amended claim numbered 2 to reflect arrears of $57,000.00.

8. On or about April 19, 2011, American Home generated an Annual Escrow Account Disclosure Statement. See attached Exhibit "B".

9. The statement indicates a *pre-petition* payment due date of January 1, 2009. It appears to calculate the current and shortage amounts from this date: to wit, the statement raises debtor's **current** monthly escrow deposit payments by $249.18 and an escrow **shortage** at a rate of $766.43 additional per month, increasing her mortgage payments from **$2,101.57 to $3,117.18**, over $1,000.00 per month. The demand for payment does not appear to credit the debtor with any monies being paid under the confirmed plan.

10. On the bottom portion of the bill is an Escrow Shortage Coupon giving the debtor the option to pay the entire shortage in one shot. However, "[i]f you elect not to pay the shortage, the amount [$9,197.17] will be prorated for 12 months."

## ARGUMENT

11. The automatic stay imposed by the filing of a bankruptcy petition pursuant to the language of Section 362(a) acts as a specific and definite order of the Court to restrain creditors from the continuance of judicial process or collection efforts against the debtor. *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 540 F.2d 47 (2d Cir. 1976). The automatic stay is a vital, fundamental protection afforded by the bankruptcy laws. It is designed to give debtors a respite from collection efforts so that they may reevaluate their financial circumstances. In other

words, the automatic stay provides a "breathing spell" so that debtors may assess their economic situation without the distraction of creditors seeking payment in full at a time when they do not have the financial means to satisfy all their obligations at once. *See In re Best Payphones*, 279 B.R. 92, 97 (Bankr.S.D.N.Y.2002).

12. The responsibility to take affirmative action is placed on the creditor and not the debtor. *In re Miller*, 22 B.R. 479 (D. Md. 1982).

13. There can be no question that American Home has actual knowledge of the pendency of the debtor's Chapter 13. On July 30, 2010, American Home's attorneys filed a notice of appearance with this Court (docket entry numbered 13). A proof of claim was filed on its behalf. Debtor's objection to American Home's proof of claim resulted in protracted litigation. The litigation only concluded some 3 months ago and in that short period American Home has violated the stay.

14. As this Court recently observed a deliberate action that violates the automatic stay, taken while the violator knew the stay was in effect, justifies an award of actual damages, with no further showing necessary. *In re Madjid Ebadi*, (Bankr. E.D.N.Y., March 30, 2011); *Cyrsen/Montenay Energy Co. v. Esselen Assocs. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098 (2d Cir. 1990); *In re Robinson*, 228 B.R. 75 (Bankr. E.D.N.Y. 1998). A court may award attorneys' fees even if the debtor has suffered no other compensable harm. *In re* Sumpter, 171 B.R. 835 (Bankr. N.D. Ill. 1994); *In re Baker*, 140 B.R. 88 (D. Vt. 1992)(attorneys' fees are encompassed within the larger sphere of actual damages). And as *Crysen/Montenay Energy Co.* noted an additional finding of maliciousness or bad faith on the part of the offending creditor, while not required for an award of actual damages, would warrant the imposition of punitive damages. *See 11 U.S.C. 362(k)(1)*.

15. As stated above, American Home reduced their proof of claim because of unsubstantiated charges just a few months ago. Then, in willful violation of the stay, American Home sent a notice to the debtor increasing her monthly mortgage payments by approximately $1,000.00 to recoup what appears to be the escrow funds (and possibly other fees and charges) not proved in the original and objected to proof of claim. One can hardly imagine a set of facts where punitive damages are needed to deter American Home from pursuing this conduct in the future.

16. For this Court to find a willful violation, it does not need to find malice. Willfulness does not require the violator to intend to violate the stay; it requires only those acts which violate the stay be done intentionally. *In re Lansdale Family Restaurants, Inc.*, 977 F.2d 826 (3rd Cir. 1992); *Haile v. New York State Higher Educ. Services Corp.*, 90 B.R. 51 (W.D.N.Y. 1988). Knowledge of the bankruptcy case makes action taken by creditor willful, *In re Coons*, 123 B.R. 649 (Bankr. N.D. Okla. 1991).

17. Nor is this Court required to find specific intent as a pre-requisite to finding willfulness. Specific intent is not a prerequisite to a finding of willfulness. *In re Atlantic Business and Community Corp.*, 901 F.2d 325 (3d Cir.1990)); *In re Bloom*, 875 F.2d 224 (9th Cir. 1989); *Express America, Inc. v. Pierce (In re Express America, Inc.)*, 132 B.R. 535 (Bankr. W.D. Pa. 1991). *In re Bennett*, 135 B.R. 72 (Bankr. S.D. Ohio 1992). This motion was necessitated entirely by American Home's willful stay violation.

18. A violation of the stay has been held to provide a basis for contempt. *Fidelity Mortgage Investors, supra*. If a creditor with knowledge of the bankruptcy initiates (or continues) collection efforts to collect a pre-petition debt, such conduct would violate Section 362 and could be grounds for civil contempt of court. *Id.* One is hard pressed to think of a more intentional act than to attempt to collect a debt previously litigated and lost. Due to admitted

unsubstantiated charges American Home reduced its original claim by approximately $10,000.00. The amount they are now seeking from the debtor post-petition in the guise of escrow shortage is $9,197.17. It is apparent that they are collecting the amounts they could not prove initially. It has remains to be seen how, in addition to the escrow *shortage* which requires an additional monthly $766.43, debtors escrow *deposit* could increase from $512.78 to $761.96 per month since there is no explanation contained in the Annual Escrow Account Disclosure Statement.

19. However, the facts of this case do not address only the willful violation of the stay, but, the willful disregard of the "So Ordered" Stipulation of Settlement. Rule 9020 of the Bankruptcy Rules and Section 105 of BAPCPA vests the Bankruptcy Court with the power to enforce their own orders by virtue of their contempt powers and such enforcement is not unconstitutional. *Gibbons v. Haddad (In re Haddad)*, 68 B.R. 944 (Bankr. D. Mass. 1987); *Better Homes of Virginia, Inc. v. Budget Service Co. (In re Better Homes of Virginia, Inc.)*, 52 B.R. 426 (E.D. Va. 1985); *In re Elegant Concepts, Ltd.*, 67 B.R. 914 (Bankr. E.D.N.Y. 1986).

20. The civil contempt power is necessary to protect the "due and orderly administration of justice and in maintaining the authority and dignity of the court." *Roadway Express, Inc. v. Piper* 447 U.S. 752 (1980).

21. With respect to civil contempt, two elements must be shown: 1) a knowing violation of a sufficient, specific and precise order, and 2) knowledge of such order. *See Fidelity Mortgage Investors, supra.* Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of contempt. *Shillitani v. United States of America,* 384 U.S. 364 (1966).

ATTORNEY'S FEES

22. When it is necessary to resort to judicial assistance to enforce the Bankruptcy Code for the debtor's protection such legal services are compensatory. *In re Robinson*, 228 B.R. 75 (Bankr. E.D.N.Y. 1998). *In re Driggers*, 204 B.R. 70 (Bankr. N.D. Fl. 1996).

23. Attorneys' fees themselves are a form of damages under Section 362(k)(1) and can be awarded in the absence of other damages. *In re Omni Graphics, Inc.*, 119 B.R. 641 (Bankr. E.D. Wisc. 1990); *In re Garofalo's Finer Foods, Inc.*, 186 B.R. 414 (N.D. Ill. 1995).

24. In determining the appropriate amount of attorney's fees to award for willful violations of the automatic stay, courts will consider the following factors: (a) time and labor required; (b) novelty and difficulty of the questions raised; (c) the skill required to properly perform the legal services rendered; (d) the preclusion of other employment by the attorney due to the acceptance of the case; (e) the customary fee charged for like work; (f) whether the fee sought is fixed or contingent; (g) the time limitations imposed by the clients or the circumstances; (h) the amount in controversy and the results obtained; (i) the experience, reputation and ability of the attorney; (j) the `undesirability' of the case; (k) the nature and length of the professional relationship between the attorney and the client; and (l) attorney fee awards in similar cases. See, e.g., *In re Sucre*, 22,6 B.R. 340 (Bankr. S.D.N.Y.1998) (a debtor is entitled to an award of reasonable attorney's fees as part of actual damages for a creditor's willful violation of the automatic stay, with reasonableness to be determined in the same manner as fees sought pursuant to 11 U.S.C. § 330. *In re Watkins*,240 B.R. 668 (Bankr. E.D.N.Y. 1999).

25. In this regard, this Court should note that counsel received no compensation for the previous objection raised against American Home in the October 5, 2010 motion, including all subsequent Court appearances and negotiations that uncovered the unsubstantiated charges which resulted in the Stipulation. The Court should also take note of the fact that counsel

routinely charges $350.00 per hour as evidenced more fully on all statements pursuant to Local Rule 2017 filed in every case by counsel. Furthermore, counsel has concentrated the practice of law in consumer bankruptcy work since being licensed first in Illinois in 1984, then New York in 1988. Counsel has expended no less than ten (10) hours researching and writing this motion and anticipates more hours due to anticipated Court appearances in the prosecution of this motion.

26. No prior application seeking the relief requested has previously been made.

WHEREFORE, debtor respectfully requests this Court enter an order finding American Home in civil contempt, awarding attorneys' fees to counsel payable by American Home, imposing punitive damages against American Home, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 17, 2011
Carle Place NY

Howard D. Weisinger, Esq. hw1773
Attorney for Debtor(s)
393 Old Country Rd., Suite 300
Carle Place NY 11514
(516) 997-0700

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
IN RE:

Swafiya Tyler

                              Debtor(s).

SS#: xxx-xx-1419

CHAPTER 13
CASE NO. 10-75165
JUDGE: Trust

-------------------------------------------------------------X

## AFFIRMATION OF MAILING

      PLEASE TAKE NOTICE the annexed Notice and Motion for Contempt and Damages is a true and accurate copy in the above referenced Bankruptcy and was mailed to the parties listed herein by depositing the same with the proper postage pre-paid in a United States Mailbox by the undersigned attorney, duly admitted to practice before the Courts of the State of New York and this Court, and, who affirms said mailing on:

**May 17, 2011**

Dated: May 17, 2011
       Carle Place NY

_____
Howard D. Weisinger, Esq. hw1773
Attorney for Debtor(s)
393 Old Country Rd., Suite 300
Carle Place NY 11514
(516) 997-0700

TO:   US Bankruptcy Court
       L.I. Federal Courthouse
       290 Federal Plaza
       C. Islip, NY 11722

       Marianne DeRosa, Esq.
       Chapter 13 Trustee
       100 Jericho Quad, Suite 208
       Jericho NY 11753

       American Home Mortgage Servicing
       POB 619063
       Dallas TX 75261

U.S. Trustee's Office
L.I. Federal Courthouse
560 Federal Plaza
C. Islip, NY 11722

Tammy Benoza, Esq.
FEIN SUCH KAHN
7 Century Dr., Suite 201
Parsippany NJ 07054

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

SWAFIYA TYLER,

          Debtor.

Chapter 13
Case No. 10-75165
Judge Trust

**STIPULATION OF SETTLEMENT OF DEBTOR'S OBJECTION TO THE PROOF OF CLAIM OF WELLS FARGO BANK, N.A.**

HONORABLE ALAN S. TRUST, US BANKRUPTCY JUDGE

    It is hereby stipulated and agreed by and between Howard D. Weisinger, Esq., on behalf Debtor Swafiya Tyler and Tammy L Terrell Benoza, Esq., on behalf of Creditor American Home Mortgage Servicing Inc as Servicer for Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables L.L.C. 2004-op2 Mortgage Pass-through Certificates, Series ("American Home") that the Debtor's Objection to Claim Numbered 2 is settled and resolved as follows:

    WHEREAS, Debtor filed Chapter 13 on July 2, 2010, and American Home was scheduled to receive pre-petition mortgage arrears, late charges, fees, costs, escrow shortages, and any other charges associated with loan numbered xxxx9472 through the date of filing, i.e., July 2, 2010.

    WHEREAS, American Home filed a timely secured proof of claim on July 31, 2010, claim numbered 2 on the claims register.

    WHEREAS, it has been determined and agreed between the Debtor and American Home that the proof of claim included unsubstantiated fees, costs, charges, and prospective escrow shortages,

    WHEREAS, the parties wish to resolve the objection to the proof of claim,

EXHIBIT "A"

IT IS THEREFORE AGREED AND STIPULATED AS FOLLOWS:

1. Debtor's Chapter 13 will pay mortgage arrears through the Chapter 13 plan pursuant to the attached amended proof of claim of American Home in the amount of $57,000.00. This amount reflects and includes all pre-petition mortgage arrears, late charges, fees, costs, escrow shortages, and any other charges associated with loan numbered xxxx9472 through the date of filing, July 2, 2010.

2. That the parties agree that this stipulation may be submitted to the Court to be "So Ordered".

AGREED AND ACCEPTED:

s/Tammy L. Terrell Benoza
TAMMY L. TERRELL BENOZA, ESQ.,
DATED: 2/3/2011
Attorney for American Home Mortgage
Servicing Inc as Servicer for Wells Fargo Bank,
National Association as Trustee for Securitized
Asset Backed Receivables L.L.C. 2004-op2
Mortgage Pass-through Certificates, Series

s/Howard D. Wesinger
HOWARD D. WEISINGER, ESQ.
DATED: 2/3/2011
Attorney for Debtor Swafiya Tyler

SO ORDERED



Dated: February 3, 2011
Central Islip, New York

Alan S. Trust
United States Bankruptcy Judge

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK | | AMENDED PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>SWAFIYA TYLER | Case Number 10-75165 AST<br>Chapter 13 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>AMERICAN HOME MORTGAGE SERVICING INC AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2004-OP2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OP2. | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☒ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |
|---|---|
| Name and address where notices and payment should be sent:<br>AMERICAN HOME MORTGAGE SERVICING INC AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2004-OP2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OP2, c/o<br>FEIN, SUCH &CRANE, LLP<br>7 Century Drive<br>Suite 201<br>Parsippany, NJ 07054<br>Attention: Tammy Terrell Benoza<br>Telephone number: (973)538-9300 | THIS SPACE IS FOR COURT USE ONLY |

| Last four digits of account or other number by which creditor identifies debtor ******9472  Our File No. FOPN106 | Check here  ☐ replaces<br>if this claim  X amends  a previously filed claim, dated: 7/31/10 |
|---|---|

1. Basis for Claim
   ☐ Goods sold
   ☐ Services performed
   ☒ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other_____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of your SS #: _____
   Unpaid compensation for services performed
   from _____ to _____
        (date)      (date)

2. Date debt was incurred: May 14, 2004

3. If court judgment, date obtained:

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
   See reverse side for important explanations.

   Unsecured Nonpriority Claim  $_____
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. §507 (a)(1)(A) or (a)(1)(b).
   ☐ Wages, salaries, or commissions (up to $11,725),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507 (a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507 (a)(4).

   Secured Claim.
   ☒ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☒ Real Estate  ☐ Motor Vehicle  ☐ Other_____
   Value of Collateral:  $n/e
   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ 57,000.00*
   ☐ Up to $2,600* of deposits toward purchase, lease, or rental or property or services for personal, family, or household use - 11 U.S.C. § 507 (a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__)
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

5. Total Amount of Claim at Time Case Filed: (    )         $285,406.93*                    $285,406.93*
                                    (unsecured)    (secured)      (priority)      (total)

| | |
|---|---|
| If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.<br>☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | |
| 6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>7. Supporting Documents: *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary<br>8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE FOR COURT USE ONLY |
| Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>/S/ Tammy Terrell Benoza, Attorney for AMERICAN HOME MORTGAGE SERVICING INC AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2004-OP2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OP2,<br>Tammy Terrell Benoza            December 16, 2010 | |

Penalty for presenting fraudulent claim: Fine of up to $500.00 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

*Arrears have been reduced to $57,000.00 pursuant to settlement with debtor's counsel and UST. Stipulation to be filed with the Court.

# AHMSI
AMERICAN HOME MORTGAGE INC
*Servicing* at a higher power

RETURN SERVICE ONLY
Please do not mail payments to this address
P.O. Box 619063
Dallas, TX 75261-9063

# ANNUAL ESCROW ACCOUNT DISCLOSURE STATEMENT

## Contact Information

Customer Care Department  1-877-304-3100
7:00am - 9:00pm CST Monday through Friday
7:00am - 4:00pm CST Saturday
Web site: www.ahmsi3.com

| | |
|---|---|
| Statement Date: | 04/19/2011 |
| Payment Due Date: | 01/01/2009 |
| Account Number: | 0013399472 |

6-764-58210-0002825-001-1-000-100-000-000

SWAFIYA TYLER
29 FOREST RD
VALLEY STREAM NY  11581-2430

## Payment Information

ACCOUNT NUMBER: 0013399472
ANALYSIS DATE: 04/18/2011

| | PRESENT PAYMENT | NEW PAYMENT effective 07/01/2011 |
|---|---|---|
| Principal & Interest | $1,588.79 | $1,588.79 |
| Escrow Deposit | $512.78 | $761.96 |
| Shortage | $0.00 | $766.43 |
| Optional Insurance | $0.00 | $0.00 |
| Other | $0.00 | $0.00 |
| Subsidy | $0.00 | $0.00 |
| Total | $2,101.57 | $3,117.18 |

## Coming Year Escrow Projections

Under Federal Law, your lowest monthly balance in the next twelve months should not exceed $1,523.92 or 1/6th of total anticipated payments from the account, unless your mortgage contract or State law specifies a lower amount. Your actual lowest monthly balance was -$20,833.47. Your current projected low balance is -$8,891.87. Your required low balance is $1,523.92, creating a shortage of $9,197.17. If you do not remit the difference, your shortage will be prorated for 12 months at $766.43 per month. The items with an asterisk in your account history may explain this. For further explanations, please call 877-304-3100 or write to P.O. Box 631730, Irving, TX 75063-1730.

### NEW ESCROW DEPOSIT BREAKDOWN

| ESCROW ITEM | ANNUAL EXPENSE |
|---|---|
| Township Tax | $2,797.88 |
| Haz Ins Disb | $738.00 |
| School Tax | $4,230.54 |
| Flood Ins Disb | $1,377.00 |
| **TOTAL** | **$9,143.42** |

| ESCROW ITEM | MONTHLY DEPOSIT* |
|---|---|
| Township Tax | $233.16 |
| Haz Ins Disb | $61.50 |
| School Tax | $352.55 |
| Flood Ins Disb | $114.75 |
| **TOTAL** | **$761.96** |

* The figures in this section are based on a division by twelve to get your monthly total and may be rounded up or down to the nearest penny.

### YOUR ESCROW ACCOUNT PROJECTION

| MONTH | PAID IN TO ESCROW | PAID OUT FROM ESCROW | DESCRIPTION | PROJECTED BALANCE | REQUIRED BALANCE |
|---|---|---|---|---|---|
| | | | Escrow Account Balance | -7,052.56 | 3,363.23 |
| Jul-11 | 761.96 | 1,418.84 | CITY/TWN (SE | -7,709.44 | 2,706.35 |
| Jul-11 | .00 | 738.00 | HAZARD INS. | -8,447.44 | 1,968.35 |
| Aug-11 | 761.96 | .00 | | -7,685.48 | 2,730.31 |
| Sep-11 | 761.96 | .00 | | -6,923.52 | 3,492.27 |
| Oct-11 | 761.96 | 2,115.27 | SCH TAX (SEM | -8,276.83 | 2,138.96 |
| Nov-11 | 761.96 | 1,377.00 | FLOOD | -8,891.87 | 1,523.92 |
| Dec-11 | 761.96 | .00 | | -8,129.91 | 2,285.88 |
| Jan-12 | 761.96 | 1,379.04 | CITY/TWN (SE | -8,746.99 | 1,668.80 |
| Feb-12 | 761.96 | .00 | | -7,985.03 | 2,430.76 |
| Mar-12 | 761.96 | .00 | | -7,223.07 | 3,192.72 |
| Apr-12 | 761.96 | 2,115.27 | SCH TAX (SEM | -8,576.38 | 1,839.41 |
| May-12 | 761.96 | .00 | | -7,814.42 | 2,601.37 |
| Jun-12 | 761.96 | .00 | | -7,052.46 | 3,363.33 |


EXHIBIT "B"

**NOTICE:**
This communication is from a debt collector but does not imply that American Home Mortgage Servicing, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

Please be advised that American Home Mortgage Servicing, Inc. (AHMSI) is registered with the Superintendent of the New York State Banking Department.  The borrower may file complaints about AHMSI with and may obtain further information from the New York State Banking Department by calling the Department's Consumer Help Unit at 1-877- BANK-NYS or by visiting the Department's website at www.banking.state.ny.us.


EQUAL HOUSING LENDER

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

764-2004-0709F



AMERICAN HOME MORTGAGE INC
*Servicing*
at a higher power

SWAFIYA TYLER

AMERICAN HOME MORTGAGE SERVICING INC.
PO BOX 660029
DALLAS, TX 75266-0029

## ESCROW SHORTAGE COUPON

LOAN NUMBER:    0013399472

**Shortage Amount:**                $9,197.17

When we receive your shortage payments, we will adjust your new monthly payment amount. When the escrow shortage on your loan has been paid in full, your monthly payment will be reduced by the shortage amount. If you elect not to pay the shortage, the amount will be prorated for 12 months.
Your Projected Escrow Account Balance as of 01/01/2009 is -$7,052.56. Your Required Beginning Escrow Balance according to this analysis should be $3,363.23. This means you have a shortage of $9,197.17.

| Escrow Shortage |
|---|
| Amount Enclosed _____ |

*Please write your loan number on your check and return this coupon with your payment.*

00133994720766439197178

Loan Number: 0013399472                         **ESCROW ACCOUNT HISTORY**                         Date: 04/18/2011

- This statement itemizes your actual escrow account transactions since your previous analysis statement or initial disclosure. The projections from your previous escrow analysis are to the left of the actual payments, disbursements and escrow balance. By comparing the actual escrow payments to the previous projections listed, you can determine where a difference may have occurred.

- An asterisk (*) indicates a difference from the projected activity in either the amount or date.

- When applicable, the letter "E" beside an amount indicates that a payment or disbursement has not yet occurred but is estimated to occur as shown.

- Your projected low point may or may not have been reached based on one or more of the following factors:

| PAYMENT(S) | TAXES | INSURANCE |
|---|---|---|
| • Monthly payment(s) received earlier OR later than expected | • Tax rate and/or assessed value changed | • Premium changed |
| • Monthly payment(s) received were less than OR greater than expected | • Exemption status lost or changed | • Coverage changed |
| | • Supplemental/Delinquent tax paid | • Additional premium paid |
| • Previous overage was returned to escrow | • Tax bill paid earlier OR later than expected | • Insurance bill paid earlier OR later than expected |
| • Previous shortage not paid in full | • Tax installment not paid | • Premium was not paid |
| | • Tax refund received | • Premium refund received |
| | • New tax escrow requirement paid | • New insurance escrow requirement paid |
| | | • Lender placed insurance premium paid |

AHMSI does not recognize property tax deferrals, repayment plans, or third-party property tax lien transfers and will take the necessary action to pay your property taxes to ensure that our mutually vested interest in your property is not at risk. These programs create a lien on your property that takes precedence over the mortgage lien in most cases and may result in interest at a high rate owed to the tax collector or a third party, payable over the course of the repayment plan or at the expiration of the deferral period. If you are having trouble making your loan payments and are considering or participating in one of these programs, please contact AHMSI at 1-877-304-3100 so that we may offer you assistance.

| MONTH | PAYMENTS TO ESCROW PROJECTED | PAYMENTS TO ESCROW ACTUAL | DISBURSEMENTS FROM ESCROW PROJECTED | DISBURSEMENTS FROM ESCROW ACTUAL | DESCRIPTION | ESCROW BALANCE PROJECTED | ESCROW BALANCE ACTUAL |
|---|---|---|---|---|---|---|---|
| | | | | | BEGINNING BALANCE | 2,336.78 | -20,992.77 |
| 12/10 | 778.92 | 1,025.56 | | | | 3,115.70 | -19,967.21 |
| 01/11 | 778.92 | 512.78 * | 1,418.85 | 1,379.04 | CITY/TWN (SE | 2,475.77 | -20,833.47 < |
| 02/11 | 778.92 | 512.78 | | | | 3,254.69 | -20,320.69 |
| 03/11 | 778.92 | | | | | 4,033.61 | -20,320.69 |
| 04/11 | 778.92 | 14,357.84 *  E | 2,197.18 | 2,115.27  E | SCH TAX (SEM | 2,615.35 | -8,078.12 |
| 05/11 | 778.92 | 512.78  E | | E | | 3,394.27 | -7,565.34 |

## FREQUENTLY ASKED QUESTIONS

American Home Mortgage Servicing, Inc. (AHMSI) is providing you with this statement as a detailed analysis of the activity to your escrow account. Deposits into your escrow account are included in your monthly mortgage payment and those sums are held in reserve for future disbursements for your property taxes and/or insurance.

Q. **Why do escrow deposits change?**

When changes in your taxes and/or insurance occur or your escrow account is short, your escrow deposit will adjust resulting in a new monthly payment.

Q. **How often are escrowed loans analyzed?**

AHMSI analyzes contractually current escrowed loans once every 12 months to determine the appropriate monthly escrow deposit. Additional analysis or payment adjustments may be necessary when significant changes in disbursement amounts of escrowed items occur.

Q. **What does an analysis reveal?**

An analysis determines if adjustments need to be made to the escrow deposit based on escrow disbursements in an upcoming year. If AHMSI has disbursed an amount higher than anticipated for any escrowed item(s), generally a shortage is created and a payment coupon will accompany the analysis. If AHMSI disbursed an amount lower than anticipated for any escrowed item(s), generally an overage is created and a check may accompany the analysis.

Q. **Is a cushion (excess funds) in an escrow account necessary?**

Yes, AHMSI requires a two month escrow cushion where permitted by state law, to cover unanticipated increases in the following year's tax and insurance bills.

Q. **How is a shortage collected?**

A shortage is collected over a 12 month period.

Q. **How can you get additional information on your escrow account?**

If you need more information, please contact us at 1-877-304-3100 or visit our web site at www.ahmsi3.com.